## 9395

### STATE v. BETHUNE.

#### (89 S. E. 153.)

1. CRIMINAL LAW—DUTIES OF SOLICITOR.—When counsel assisting the solicitor in a murder prosecution heard a witness testify differently from the statements which he had already made, it was the assistant's duty to bring the fact to the attention of the solicitor, that the latter might take any steps necessary to enable the prisoner to have a fair trial; the duties of a solicitor being quasi judicial.

2. CRIMINAL LAW—NEW TRIAL—GROUNDS—AFTER-DISCOVERED EVIDENCE. —In a prosecution for murder, new trial should be granted for testimony of the assistant solicitor that he talked with the State's chief witness before trial, and that such witness made statements different from those elicited on his examination by the solicitor; as the assistant solicitor's testimony was different in kind from that of other witnesses.

Before DeVORE, J., Manning, January, 1916. Reversed.

Willie Bethune was convicted of murder, and being refused a new trial, he appeals.

For former appeals, see 86 S. C. 143, 67 S. E. 466; 93 S. C. 195, 75 S. E. 281.

*Messrs. John H. Clifton* and *Harmon D. Moise,* for appellant, submit: *If it had been known to the trial jury:* (1) *That the witness, McFadden, had declared a different state of facts almost immediately before he testified on the stand, the jury could not have given his testimony credit.* (2) *If it had appeared to the jury that it was known to the State's assistant prosecuting officer that the testimony of McFadden as given on the stand was wholly inconsistent with and contradictory to his statement of facts confidentially disclosed to the State's officer, Mr. Jennings, this would have changed the result.* And cite: 58 S. C. 70; 52 S. C. 580 and 470; 49 S. C. 55, 414; 43 S. C. 205; 37 S. C. 417; 7 Enc. of Ev. 54, 60, 61, 62; 29 Cyc. 901, note 58; 82 N. Y. App. Div. 639; 29 Cyc. 905-906. *Evidence of contradictory statements made by a witness on whose testimony a doubtful verdict was found, has sometimes been held sufficient cause for setting aside the verdict. Newly discovered evidence to successfully contradict a witness upon a material matter may be cause for allowing a new trial, and it is no objection to such allowance that the evidence may incidentally impeach a witness:* 29 Cyc., pages 918-919-920; 92 Iowa 757; 27 Colo. 473; 32 Conn. 367; 41 Kan. 345; 85 Me. 298; 19 Misc. (N. Y.) 415; 12 N. Y. App. Div. 309.

*Mr. Solicitor Stoll,* for respondent, cites: *As to requirements relative to new trials on after-discovered evidence:* 38 S. C. 550; 70 S. C. 448; 78 S. C. 532. *Grounds of motion res adjudicata:* 93 S. C. 191.

June 5, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order refusing a motion for a new trial on the ground of after-discovered evidence.

On the 13th day of January, 1916, Mr. L. D. Jennings, an attorney at law, of Sumter, S. C., made an affidavit stating the following facts:

"That he was of counsel for the prosecution in the case of the State against Willie Bethune, defendant; that he talked with the witness, Alfred McFadden, before the trial, in a preliminary investigation of what his testimony would consist of. The said witness, Alfred McFadden, made a statement to me at that time in which he stated that he did not know who fired the first shot, and that he had not seen who fired the first shot. Upon examination by the solicitor he stated entirely to the contrary, and stated that he had seen Bethune fire the first shot. McFadden was the only eyewitness for the State, and the jury must necessarily have rested their verdict of guilty upon his sworn testimony. His statement upon the stand was entirely different from the statement that he had made before the trial."

The appellant was tried for murder before the Honorable George W. Gage, as Circuit Judge, and the jury rendered a verdict of guilty, whereupon he was sentenced to suffer the penalty of death. In refusing a motion for a new trial his Honor, Judge Gage, said:

"Whether this verdict is right depends on the testimony of the witness, McFadden. I don't know him, but the jury does. If he told the truth, it is right; if he told what is not the truth, he will have to answer for it before his Maker when he comes to die. Whether or not he told the truth is a matter for the jury, and they have accepted his testimony. The whole case rests upon McFadden's testimony."

A motion was made before his Honor, S. W. G. Shipp, for an order staying the execution of the sentence in order that the defendant might make a motion for a new trial before his Honor, Judge DeVore, on the ground of after-discovered evidence. In refusing the motion to stay the execution of the sentence his Honor, Judge Shipp, said:

"I do not hesitate to say that upon an examination of the evidence upon which the defendant was convicted, I would, if it were in my power, change the penalty from death to life imprisonment, and, had I the power, without an abuse of my discretion, I would grant the stay asked for. However, under my view of the law and of my duty, I must refuse the motion, and it is so ordered."

Thereafter his Excellency, Governor Manning, granted a reprieve, and his Honor, Judge DeVore, heard the motion for a new trial, and in refusing it used this language:

"The testimony upon which this motion is made does nothing more than to contradict a certain witness who testified in the case at the trial, to wit, McFadden; and the Supreme Court has laid down the rule that testimony that does no more than to contradict a witness who testifies on the trial is not sufficient upon which to grant a new trial on after-discovered testimony. It makes no difference who the witness is that proposes to contradict that one who testified in Court. The rule must still obtain; and for that reason I am of the opinion that the motion for a new trial should be refused, and the same is hereby refused."

The vital question is whether the testimony of Mr. L. D. Jennings stands upon a different footing from that of the other witnesses by reason of the fact that he came into possession of information while discharging his duties as an assistant to the solicitor which he did not disclose when it became known to him during the progress of the trial that the tendency of the information was to destroy the credibility of the witness, McFadden, which might have caused the jury to render a different verdict.

The theory of the law is that the duties of solicitor are quasi judicial, and that, while it is more especially made his duty to conduct the prosecution so as to present the facts upon which the State seeks a conviction, nevertheless the duty rests upon him to see that no act on his part shall prevent the prisoner from having a fair

and impartial trial. The State does not desire a conviction in any case unless the prisoner has been accorded those rights that entitle him to a fair trial. When the assistant solicitor heard the witness, McFadden, testify differently, from the statements which he had already made, it was his duty to bring such facts to the attention of the solicitor, in order that he might take such steps as might be necessary to enable the prisoner to have a fair trial.

It is because of the quasi judicial nature of the duties imposed upon the solicitor that he should be most careful to retain control of the conduct of the case, as it is but reasonable to suppose that those employed to assist in the prosecution would not keep before them the quasi judicial duties of office as vividly as the solicitor. This is not said by way of criticism in the present case, but to show that the zeal that may be displayed by able attorneys assisting in the prosecution requires the Court to scrutinize his acts as carefully as those of the solicitor himself.

His Honor, therefore, was in error in ruling that the testimony of Mr. Jennings was not different in kind from the testimony of the other witnesses. As a matter of justice to Mr. Jennings, we take pleasure in stating that he is an attorney of marked ability and high professional ideals, and that, while he unquestionably erred in failing to make the proper disclosure of his information, there was no intentional wrong on his part, and he is to be commended for finally discharging his duty by making the affidavit in question.

It is the judgment of this Court that the order be reversed, and the case remanded to the Circuit Court for a new trial.

MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion announced.

Neither MR. JUSTICE FRASER nor MR. JUSTICE GAGE participated in the consideration of this case.