## 9582

### STATE v. RAYSOR *ET AL.*

#### (91 S. E. 311.)

CRIMINAL LAW — NEW TRIAL — NEWLY DISCOVERED EVIDENCE — CONTRA-
DICTORY STATEMENTS OF WITNESS.—Where defendants were convicted
of larceny principally on the testimony of a small negro boy, who
claimed to have seen the taking, motion for new trial, based on
affidavit of another that the boy, after the trial, had stated he did
not see and could not have seen the taking, was properly refused;
the offered testimony being merely hearsay.

Before PRINCE, J., Barnwell, March, 1916.   Affirmed.

Aquilla Raysor and another were convicted of grand
larceny, and appeal from order denying them new trial.

*Mr. Jas. E. Davis,* for appellants, cites: 104 S. C. 353;
12 N. Y. App. Div. 639.

*Mr Solicitor Gunter,* for respondent, cites: 44 S C. 326;
14 S. C. 432; 49 S. C. 330; 85 S. C. 229; 87 S. C. 546;
89 S. C. 41, 50

February 8, 1917

The opinion of the Court was delivered by MR JUSTICE
GAGE.

The appeal is from an order of the Circuit Court,
which refused a new trial to the defendants, convicted afore-
time of grand larceny.   The motion for a new trial was
based upon alleged after-discovered testimony.   The
defendants were convicted at the fall term of Barnwell,
and the motion for a new trial was made at the ensuing

FOOTNOTE.—As to newly discovered evidence of contradictory state-
ments made by witness as ground for new trial, see note in Ann. Cas.
1912d, 856.

spring term.    The Court, after hearing the affidavits and argument, simply refused the motion "on the authority of *State* v. *Rhodes,* 44 S. C. 328 (21 S. E. 807, 22 S. E. 306)."

There are five exceptions, but there is only one question, and the appellant argued only one question.    That question is, was there abuse of his discretion by the Circuit Judge? The defendants "were convicted principally on the testimony of Eddie Izlar, a small negro boy, who swore that he saw the defendants go to the buggy of * * * Atterberry and put their hand in the buggy and take something therefrom that looked like a satchel."    This appears from the affidavit of the appellant's attorney.

The defendants offered the Circuit Judge an affidavit of one Washington, who swears that after the trial, Izlar told him that he (Izlar) did not see and could not have seen the defendants take the money.    It also appears from the affidavits of appellants' attorney that Izlar was also charged at the outset with stealing the money; but he was released and testified for the State.    This recital is sufficient of itself to sustain the Circuit Judge's order.

The only testimony offered by the defendants is hearsay; Washington swears Izlar told him.    That is no testimony at all.

There is no room to sustain the allegations of the fourth exception that "his Honor did not pass on the testimony at all."    The order recites that the motion was refused "after hearing the affidavits and Jas. E. Davis for the motion."

The Judge was right to refuse the motion upon the authority of the Rhodes case, and without the authority of that case.    True, the facts of the two cases are not identical; but they are not unlike.

The appellant, though, relies, for the relief he asks, upon the recent case of *State* v. *Bethune,* 104 S. C. 353, 89 S. E. 153.    The new trial there ordered was for reasons totally different from any which are suggested in the instant case.

In the Bethune case, involving the life of a man, the contrary declaration was made before the trial, and to the State's assistant counsel. We hold that the assistant State's counsel ought to have divulged that statement to the State's counsel. The Chief Justice expressly put the case "upon a different footing" from that of the ordinary witness.

Our judgment is that the order below be affirmed; it is so ordered.