13758

STATE v. PARSONS

(172 S. E., 424)

*Messrs. L. M. Gasque* and *F. A. Thompson,* for appellant,

*Messrs. G. Lloyd Ford* and *A. F. Woods,* for the State,

Jaunary. 18, 1934.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The appellant was convicted and sentenced, in the Court of General Sessions of Marion County, for violation of Section 1113 of the Criminal Code, known as the "abortion statute." He has appealed to this Court on exceptions which raise three questions.

The first question relates to the refusal of the trial Judge to grant a continuance beyond the term, for the reason that another person, named as a codefendant in the indictment with the appellant, was absent from the trial, and that his testimony would be material to the defense of the appellant. It was shown conclusively to the Court that, although the officers of the law had been very active in their efforts to apprehend this codefendant, they had been unable to effect his arrest. Through his counsel, the appellant indicated to the Court that he did not know

the whereabouts of this alleged codefendant, and did not even know him. In fact, it was suggested by counsel that the codefendant may have existed only in the imagination of the young woman, upon whom the operation was alleged to have been performed. Evidently, the codefendant was a fugitive from justice and, from the facts, as related by the officers, he was even beyond the jurisdiction of the Court. If he ever appears, which is altogether doubtful, it is most likely that appearance will be against his will. To delay a trial of the appellant until his codefendant is present might result in the appellant never being tried. The Circuit Judge very wisely exercised the discretion, given him under the law, when he refused the continuance.

In the second question, it is urged that there should have been a directed verdict in favor of the appellant, or a new trial after conviction, for the reason that the evidence of the woman in the case was not corroborated, as provided for in the statute.

The "corroboration," required under the terms of the statute, means "anything which tends to strengthen, add to, add weight, or credulity, or that which makes more certain." *State v. Teal,* 108 S. C., 455, 95 S. E., 69, 70; 14A C. J., 1428, 1429.

The corroboration of the woman's evidence does not have to come from the testimony of some person who actually saw the crime committed; it may come from circumstances, from the words and acts of the defendant, previous to, about the time of, and after the alleged commission of the offense, testified to by some witness other than the woman. *State v. Sharpe,* 138 S. C., 58, 135 S. E., 635.

We do not care to relate the details brought out in the testimony; nor is it necessary to do so. It is sufficient to say that here and there, through the evidence, some things of considerable importance, and other matters of more or less trifling value, testified to by witnesses, other than the

woman, tended to corroborate her evidence, showing the appellant's probable guilt of the crime charged. Perhaps standing alone, one of these circumstances was not in itself sufficient to make the corroboration required under the law, but when all of them, or several of them, are put side by side, they were sufficient to justify the jury in concluding that the evidence of the woman was corroborated; and, certainly plenty of circumstances, tending to corroborate her testimony, were developed to require the trial Judge to submit the case to the jury.

M. H. Barfield served as a member of the trial jury. A new trial was asked on the ground that he had not been drawn by the jury commissioners as a petit juror for that term of Court, but that M. R. Barfield had been so drawn; that the sitting on the jury of M. H. Barfield was illegal, and, accordingly, the appellant was not convicted by a properly qualified jury of twelve, under the law. The third question presented by the appellant challenges the correctness of the ruling of the Circuit Judge in refusing to grant a new trial for the mentioned reason. The findings of fact, on the part of the Judge, as to the qualifications of M. H. Barfield to sit on the jury, and as to the failure to exercise due diligence on the part of the appellant and his counsel in that regard, are fully sustained by the showing made on the motion for a new trial. The conclusions of the Judge, as to the law relating to the matter, are supported by the authorities cited by him in his order. The part of the order referring to that matter will be reported.

The recent case of *State v. Elliott,* 169 S. C., 208, 168 S. E., 546, under the authority of which the appellant asks that the order of the Circuit Judge, refusing a new trial on account of the disqualification of the juror, be reversed, does not support his position. In that case, the Court held that the juror was clearly disqualified for service, and there was no lack of due diligence on the part of appellant's counsel in

his efforts to discover the disqualification in due season. Here, in the first place, the disqualification of the juror does not appear; and, in addition, there was not a showing of due diligence in an effort to discover information as to the juror.

The judgment of this Court is that all the exceptions be overruled, and that the judgment below be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.