14964

STATE v. ATKINS *ET AL.*

(5 S. E. (2d), 576)

February, 1939.

*Messrs. Whiteside & Taylor* and *Simpson Hyatt,* for appellants,

*Mr. J. Allen Lambright, County Solicitor,* for the State.

November 10, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The appellants were indicted, tried, convicted and sentenced in the County Criminal Court for Spartanburg County "for violation of the liquor laws". We assume that the specific offense charged in the indictment was the possession of whiskey on which the tax had not been paid.

The sole question raised by this appeal is: Was there sufficient evidence of appellants' guilt to warrant the trial Judge in submitting such issue to the jury? Stated differ-

ently, did the trial Judge err in refusing appellants' motion for a directed verdict of not guilty?

The testimony in this case discloses in substance the following facts: In the late afternoon of January 13, 1939, three rural policemen of Spartanburg County, under the authority of a search warrant, searched the home and premises of the appellants and found in a "trap" in a chicken house situate ten steps from the main dwelling, six one-half gallon jars of unstamped corn whiskey. In the pump house, which was connected with the dwelling, there was a quantity of empty fruit jars and some kegs, all giving forth the odor (aroma) of whiskey. We attach no significance to a few other minor facts appearing in the case.

In reaching a conclusion if the foregoing facts justified the trial Judge in submitting the case to the jury, much is dependent upon the other surrounding circumstances. Here the scene is in a rural district where it would be highly improbable that one not living on the premises would conceal his illegal or legal liquor, and it is also highly improbable that liquor could be so concealed without at least the knowledge of the occupants of the premises. There is no suggestion in the case that the liquor was "planted" for the purpose of prosecuting appellants.

The dwelling and premises (the surrounding land) were owned by the twelve children of S. D. Atkins, deceased. The appellants were the only ones who at the time of the search were regularly living in the home and occupying the immediate premises, although the others frequently came there— some daily—and all had "an equal say so as the others as to what goes on there". The officers offered to confine the prosecution to the one or ones who would acknowledge ownership of the whiskey. There was no volunteer.

We are unable to differentiate between one owner and occupant, and five owners and occupants. The trial Judge would have been compelled to submit the case to the jury under this testimony had the home and dwelling been owned

and occupied by only one person, and such person was on trial charged with illegal possession of liquor.

The cases cited by appellants and respondent, while in point, are not controlling, and demonstrate that each case must be decided on its own peculiar facts and surrounding circumstances.

Exceptions overruled and judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.