15917

STATE v. BRADLEY

(41 S. E. (2d) 608)

*Mr. Leon W. Harris,* of Anderson, for Appellant, cites:

*Mr. Rufus Fant,* Solicitor, of Anderson, for Respondent, cites:

*Mr. Leon W. Harris,* of Anderson, for Appellant, in reply.

February 21, 1947.

Oxner, A. J.: I am in accord with the conclusions of Mr. Chief Justice Baker that (1) the Court below had jurisdiction to try the offense alleged in the indictment and (2) that there was no error in refusing appellant's motion for a directed verdict of acquittal, but am unable to agree with the conclusion that a new trial should be granted on account of the admission of the testimony of Tom Cowan. I would overrule all exceptions and affirm the judgment below.

> Evidently neither the officers nor the solicitor believed the statement of Cowan, made immediately after the liquor was found, that it was his liquor. It was not referred to in the direct examination of the officers by the solicitor but was brought out by appellant's counsel during his cross examination of these officers. Nor do I

think it was the solicitor's duty to have elicited this fact on direct examination. If the State had used Cowan as a witness in presenting its case in chief and sought to prove by him that it was not his liquor, it would have been the duty of the solicitor to have further brought out the fact that he had previously made a contradictory statement and to have requested the witness to explain the contradiction. But Cowan was not used as a witness at this time. The State was then vouching for the veracity of the officers but not for the truth of a statement made to them by some by-stander.

Appellant was the only witness for the defense. She denied that she had any knowledge whatever of there being any liquor in the house or on the premises and stated that she did not see any of the other occupants of the house bring any liquor on the premises. She also testified that Cowan slept in her house at times; that she was there when he came to her home about noon on Saturday and "he didn't have it (the liquor) when he came there"; that both of them slept in the hall that Staturday night; and that Cowan never left the premises from the time he came until after the officers made the search on the following Sunday morning. After the testimony was concluded for the defense, Tom Cowan was offered as a witness· in reply. He denied sleeping in appellant's home on Saturday night, stating that he did not arrive there until about daylight Sunday morning. He was then asked by the solicitor whether or not he carried any liquor to appellant's home. Appellant's counsel objected to this question on the ground that it did not constitute reply testimony. After a lengthy colloquy between the Court and appellant's counsel, the Court overruled the objection and Cowan testified as follows:

"Q. Tom, did you bring that liquor there?

"A. No, sir.

"Q. Was any of that liquor there your liquor?

"A. No, sir."

There was no cross-examination of Cowan. Appellant's counsel did not seek permission of the Court to offer any rebutting testimony in her behalf and expressed no desire to do so. The answer to the first question could not have been prejudicial to appellant because she had testified substantially to the same effect. The second question was not specifically objected to but I shall assume that appellant's counsel intended for his objection to apply to both questions.

Although the quoted testimony by Cowan may not have been strictly in reply, it was a matter largely in the discretion of the trial Judge and his ruling thereabout will not be disturbed except for abuse of this discretion. *State v. Williams,* 76 S. C. 135, 56 S. E. 783; *State v. Burton,* 111 S. C. 526, 98 S. E. 856; *State v. Simmons,* 208 S. C. 538, 38 S. E. (2d) 705. I am not satisfied that there was abuse of discretion in the instant case. But apart from this, appellant is precluded from raising the question under the following rule laid down in *State v. Harmon,* 79 S. C. 80, 60 S. E. 230: "A defendant cannot avail himself of an error in admitting testimony in reply, even so manifest as to show abuse of discretion, unless he has exhausted his remedy in the Court below by asking to be allowed to offer rebutting testimony in his own behalf. The general rule is, that one who seeks relief in an appellate court must show that in the trial below he was deprived of a substantial right, after having exhausted all reasonable means within his reach to preserve it".

Cowan's testimony was not objected to upon the ground that it contradicted the testimony of the officers, nor do I think it necessarily had that effect. He was not asked as to whether he stated to the officers at the time of the search and seizure that it was his liquor. It is not at all certain that on the stand he would have denied making that statement to the officers.

The other exceptions are not of sufficient importance to require an extended discussion. On cross-examination appellant was asked whether at the time

Cowan stated to the officers that it was his liquor, she knew that statement was untrue. Appellant's counsel objected. After some discussion, the objection was overruled. The witness then testified as follows:

"Q. He said it was his whiskey?

"A. Yes, sir.

"Q. You knew that wasn't right? You knew it wasn't his liquor?

"A. He didn't bring it there.

"Q. When he came there that Saturday, he didn't have nothing with him so you knew it wasn't his?

"A. He hadn't gone no where. He stayed there from that Saturday on.

"Q. Well, you knew it wasn't his liquor, didn't you?

"A. He said it was. I don't know."

Assuming that the question objected to was improperly framed, it was permissible to ask the witness whether she knew that it was not Cowan's liquor. Appellant could not have been prejudiced by the ruling of the Court.

The remaining exception grows out of an incident which occurred during the direct examination of appellant. Counsel asked a question but before the witness completed her answer, he proceeded to ask another question. The Court ruled that the witness should be permitted to complete her answer before being asked the next question. Appellant then completed her answer and no restriction was placed on appellant's counsel in further examining her in any particular he desired. There is no merit in this exception. The conduct of a trial in respect to a matter of this kind is left to a large extent to the discretion of the trial judge.

The question of whether the sentence imposed is in excess of that permitted by the statute is not raised by any of the exceptions and, therefore, is not properly before us. I prefer to intimate no opinion thereabout.

This opinion having now been concurred in by a majority of the Court, it is the judgment of this Court that all exceptions be overruled and the judgment below affirmed.

FISHBURNE and STUKES JJ., concur.

BAKER, CJ., (Dissenting) : At the September, 1945, term of the Court of General Sessions for Anderson County, the appellant was tried, convicted and sentenced on an indictment which charged the unlawful possession on July 11, 1943, of alcoholic liquors, that is, alcoholic liquors which did not have South Carolina revenue stamps affixed to the container and containers thereof. We parenthetically call attention to the fact that the appellant having been sentenced to "be confined at hard labor upon the public works of Anderson County, or in the State Penitentiary for a period of six (6) months", was sentenced under Section 1848 of the Code, whereas if the conviction is to stand, she must be sentenced in accord with Section 1841 of the Code in that the indictment charged merely ordinary possession and did not charge possession for an unlawful purpose. *State v. Pickett,* 47 S. C. 101, 25 S. E. 46.

When this case was orally argued, although the issue was not raised by the exceptions, the writer hereof inquired of counsel for the State and the appellant if, at the time this case was tried, the Court of General Sessions had jurisdiction, or if exclusive jurisdiction did not lie in the magistrate's court, in the light of Act No. 212, of the Acts of 1945, scheduled to become effective on July 1, 1945, but approved May 7, 1945.

Counsel thereafter agreed that the Court could consider the jurisdictional issue raised; and of course, this Court, without the consent of counsel, could have done so *ex mero motu.*

In the beginning, the writer hereof was of the opinion that the saving clause contained in Section 26 of the Act of 1945 was intended to preserve only the right to prosecute for

a violation of the inhibitory statutes against the illegal possession of alcoholic liquors occurring prior to the effective date of the Act of 1945, even in cases where the prosecution had been commenced prior to such effective date, but not actually tried until thereafter. This opinion was based upon logic in that it would be a travesty on justice for a court in one case to have the power, upon a conviction, to sentence a defendant under the provisions of either Section 1841 or Section 1848 because the crime had been committed on a former date, and in another case where the same crime had been committed at a later date, have to hold that it did not have jurisdiction to try the case in that an inferior court had exclusive jurisdiction by reason of the penalty then provided therefor. However, we must bow to the language used, and not undertake to legislate. Section 26 discloses a purpose on the part of the Legislature to keep the Code provisions in force with respect to offenses committed prior to the 1945 Act, when prosecutions had been commenced. And if the Code provisions are considered in force as to prior offenses we cannot separate those provisions into penalty provisions and prohibitory provisions, and say that the latter are kept in force and the former are not. If that had been the intention of the Legislature, the sweeping terms of the Section under discussion would not have been used.

The language of Section 26 appears to be all-inclusive; it specifically says that all Acts and parts of Acts which are inconsistent with the 1945 Act "shall remain in full force and effect. * * *" There are no qualifications, except that the quoted words are referable to a "prosecution for any violation * * * occurring prior to the approval of this Act. * * *"

This view is probably emphasized when it is seen that Section 26 not only thus extends to every prosecution for violations occurring prior to the 1945 Act, but specifically extends also to the collection and enforcement of license taxes and surety bonds, and the confiscation and forfeiture of property, and the granting of licenses, etc.

Having purged our system of the foregoing, we now ■ come to the issues raised by the exceptions. We consider it necessary to discuss but two of them (1) Should a verdict of not guilty have been directed; and (2) Was it prejudicial error for the trial Judge to permit the witness, Tom Cowan, to testify on behalf of the State under the guise of reply testimony.

It is an admitted fact that liquor was found by the officers of the law when a search was made, in containers which did not have affixed thereto South Carolina revenue stamps, and that the greater portion of such whiskey was found in the residence unconcealed, and a small portion thereof concealed, on the premises. It is also an admitted fact that the residence and premises just referred to was owned by and occupied by the appellant and her two brothers. (There is no explanation in the record of why a prosecution was brought against the appellant alone.) Some of the other surrounding facts and circumstances will be referred to in our discussion of the alleged error in permitting the witness, Cowan, to testify "in reply", but since in our opinion the trial Judge committed error in this respect, and a new trial must be granted to the appellant, we refrain at this point from a further statement of the facts.

This case, on the first issue, is governed, considering all of the testimony, by *State v. Atkins et al.,* 192 S. C. 110, 5 S. E. (2d) 576, wherein it is said:

"We are unable to differentiate between one owner and occupant, and five owners and occupants. The trial Judge would have been compelled to submit the case to the jury under this testimony had the home and dwelling been owned and occupied by only one person, and such person was on trial charged with illegal possession of liquor."

The State had the right and privilege to prosecute any one, or all of the owners and occupants.

The testimony of the State's witnesses was to the effect that the officers of the law made their search of the residence

and premises hereinbefore referred to between 10 and 10:30 o'clock on the morning of July 11, 1943, and that when they reached there, the appellant, one of her brothers, another woman (unidentified by the officers), some children, and Tom Cowan were at a table eating; that in the search which followed, they found in a bed room two jars of liquor at the foot of the bed, no attempt having been made to conceal same; and on the outside of the house "right side of the house" in the grass a pint of liquor was found. Immediately after this liquor was found, and while the officers were at the place of the search and seizure, Tom Cowan stated to the officers that the liquor had been brought there by him and was his; and the appellant disclaimed any knowledge of its presence, and denied ownership.

While the testimony of the State's witnesses as to the statement of ownership by Cowan and the disclaimer of any knowledge thereof by the appellant was brought out upon the cross-examination of the officers of the law testifying in behalf of the State, we consider this immaterial, because if the Solicitor representing the State knew of these facts, it was his duty as *quasi*-judicial officer of the Court to present a complete picture of the entire situation and disclose any information that had come to his attention, be it against or in favor of the defendant upon trial. In *State v. Bethune,* 104 S. C. 353, 89 S. E. 153, the Court, through Mr. Chief Justice Gary as its organ, said:

"The theory of the law is that the duties of solicitor are *quasi*-judicial, and that, while it is more especially made his duty to conduct the prosecution so as to present the facts upon which the State seeks a conviction, nevertheless the duty rests upon him to see that no act on his part shall prevent the prisoner from having a fair and impartial trial. The State does not desire a conviction in any case unless the prisoner has been accorded those rights that entitle him to a fair trial. When the assistant solicitor heard the witness, McFadden, testify differently, from the statements which he had already made, it was his duty to bring such

facts to the attention of the solicitor, in order that he might take such steps as might be necessary to enable the prisoner to have a fair trial."

As a sidelight, see also the case of *State v. Parris,* 163 S. C. 295, 161 S. E. 496.

At the conclusion of the testimony of the appellant, the only witness for the defense, Tom Cowan who had been available throughout the trial, was called as a "reply witness" for the State, and over the strenuous objection of the appellant's counsel was permitted to contradict the testimony of the State's witness on a very material issue in the case; and on more or less an immaterial portion of the appellant's testimony. (The appellant had also testified that at the time the liquor was found in the house and on the premises occupied by her and her brothers, Cowan claimed it, and that she had denied any knowledge of its being there.)

While ordinarily the admission and rejection of proffered testimony is largely in the discretion of the trial Judge, yet there is a salient rule of evidence that a party litigant will not be permitted to directly and for that purpose offer testimony to contradict his own witness or witnesses; and that was precisely what the State was permitted to do in this case and in a most adroit manner. Cowan was permitted to testify that the liquor found in the appellant's house and on the premises was *not* his liquor, although the Solicitor did not ask him whether he had claimed to be the owner of the liquor at the time of the raid of search. However, under the circumstances, a denial of the ownership of the liquor found, was just as effectively a denial of his statement to the officers of the law who had testified for the prosecution that the liquor was his, Cowan's, as if he had been allowed to testify categorically that he had not made the statement to the officers, and was therefore in reply to the testimony of the State and contradictory of the State's witness. If this testimony as to the ownership of the liquor involved was not offered by the State for the purpose of contradicting its

own witnesses, then it was as irrelevant as though an utter stranger residing at a remote distance and who had never even heard of the appellant had been offered in reply to testify that the liquor did not belong to him. At no point in the testimony of the appellant did she undertake to say that the liquor was owned by Cowan. The most that she would say under cross-examination was that he had claimed it, but at the same time denied that she had any knowledge of it.

While not discussing the other exceptions. we do not deem it amiss to remark that it is highly improper to directly require one witness to pass upon the truth or untruth of a statement attributed to another during the course of the trial, although a witness can of course say whether a statement had or had not been made, and can give a different version of what had occurred.

The foregoing was written as and for the opinion of the Court, but in that the dissenting opinion of Mr. Justice Oxner becomes the prevailing opinion, which prevailing opinion relies largely upon the case of *State v. Harmon,* 79 S. C. 80, 60 S. E. 230, an excerpt from which is quoted in the prevailing opinion, we are forced to remark that the *Harmon case* cannot be controlling when consideration is given to the facts of the case being decided. The appellant in her testimony carefully avoided stating that the whiskey found upon the premises was that of the witness, Tom Cowan, and had positively stated that Tom Cowan had not brought the whiskey there on the day before when he arrived. It was incumbent upon the State to prove beyond a reasonable doubt that the appellant was in the unlawful possession of this whiskey, and it was not her duty to offer evidence as to whom it belonged. We cannot conceive of any evidence the appellant could have offered in reply to Cowan's belated disclaimer of the ownership of the whiskey involved except cumulative testimony.

For the reason above stated, the appellant should be granted a new trial, and the case remanded to the Court from whence it came for that purpose.

TAYLOR, J., concurs.