17190

THE STATE, Respondent, v. ANNIE JILES and ISIAH JILES, Appellants

(94 S. E. (2d) 891)

*A. L. King, Esq.,* of Georgetown, *for Appellants,*

*J. Rueben Long, Esq., Solicitor,* of Conway, *for Respond-ent,*

July 17, 1956.

LEGGE, Justice.

Appellants, who are husband and wife, were tried and convicted at the November, 1955, term of the Court of General Sessions for Georgetown County, upon an indictment charging possession of alcoholic liquor in their place of business, which was not a licensed liquor store. Code 1952, § 4-95. Isiah was sentenced to serve two years on the public works of Georgetown County or a like period in the State Penitentiary; Annie, to one year in the Georgetown County jail.

By eleven exceptions, error is charged in the following particulars:

1. Refusal to grant a continuance (Exception 1);

2. Admission of certain testimony of one Elliott, a witness for the State (Exception 2);

3. Refusal to direct a verdict of not guilty as to Annie Jiles because of lack of evidence (Exception 3);

4. Refusal to order a mistrial because of improper argument by the solicitor (Exception 4);

5. Charging that persons aiding and abetting are liable as principals (Exception 5);

6. Denial of motion for judgment *n. o. v.* because of lack of evidence (Exceptions 6 and 7);

7. Denial of motion for arrest of judgment (Exception 8);

8. Infliction, by the sentence, of cruel and unusual and therefore unconstitutional punishment (Exceptions 9 and 10); and

9. Failure to conduct the trial "according to the laws of the State of South Carolina and the law of the United States of America, made and existing for the protection of the liberty of the citizens of said United States of America and said State of South Carolina,—the defendants, and each of them, being such citizens" (Exception 11).

Discussion of these exceptions will be facilitated by a brief recital of the facts of the case, which, except as hereinafter indicated, appear undisputed.

Appellants operated in Georgetown County, about a mile distant from their residence, a combination grocery store, beer parlor and "piccolo". In the rear part of the building were a kitchen and a bedroom. About midday on July 4, 1955, Deputy Sheriff Robert Elliott, checking the place, purchased from Isiah a soft drink and, while drinking it, walked behind the store counter, where he found a "fifth" of whiskey. Saying to Isiah, "You know it is a violation to have this liquor in your joint", he picked up the bottle and walked through the door into the bedroom. He testified that in the bedroom he observed a large paper bag "sitting" on the floor; that he walked over to it, placed the bottle on the floor near it, opened the bag, and saw that in it were some twelve or fifteen half-pints of whiskey; that at that moment Isiah jumped on him from behind and caught him around the neck; that in the course of his struggle to get Isiah off his back, Annie joined in the fracas, kicking and biting him; that his pistol and holster having fallen to the floor during the scuffle, Annie grabbed them and ran out of the back door; and that finally, having freed himself, he went out of the front door to his car, where he called for help and waited until Deputy Sheriff Johnson arrived. Elliott and Johnson then went back into the store, but found neither liquor nor Isiah. Deputy Johnson arrested Annie and took her to jail. Elliott's pistol and holster were later turned over to the Sheriff by appellants' counsel. As to what took place in the back room, there is conflict between Elliott's testimony and that of appellants. Isiah testified that he asked Elliott, when he went into the bedroom, if he had a search warrant, to which Elliott replied that he didn't need one; and that then Elliott pulled his gun and Isiah, scuffling with him, took it from him and threw it on the floor, where Annie picked it up. Isiah admitted having the bottle of whiskey behind the counter, but said he was intending to drink it. He denied

that there was either a paper sack or liquor in the bedroom. Annie testified that she was not in the bedroom during the scuffle; that she picked up the pistol from the floor of the store, where it had been thrown from the bedroom; and that she knew of no liquor in the place except the bottle that Mr. Elliott had found behind the counter.

True bills were returned against both appellants on three separate indictments, as follows:

1. Assault and battery;
2. Grand larceny (of the officer's pistol and black-jack); and
3. Violation of the statutes relating to alcoholic liquors.

The last mentioned indictment contained several counts, all of which were withdrawn except the one charging possession of liquor in a place of business other than a licensed liquor store. Code 1952, § 4-95.

Motion for continuance was made upon the ground that publication of the indictments for asault and battery and grand larceny, presumably within the hearing of the jury panel, was prejudicial. We are of the opinion that the trial judge did not abuse his discretion in refusing the motion.

Exception No. 2 charges that the trial judge erred "in overruling defendants' objections to so much of the testimony of State's witness, Elliott, which did not directly relate to the charge set out in the indictment upon which defendants were being tried, which was the having in a place of business stamped alcoholic liquors, all to the manifest prejudice of defendants' rights". This exception does not comply with Section 6 of Rule 4 of this court. But, apart from that, if we consider it as referring to the testimony of Mr. Elliott with regard to the attack upon him by the appellants, it is obvious that the exception is without merit, for that affair was part of the *res gestae*. And the officers' testimony concerning the disappearance of the liquor during or immediately after the attack was admissible to explain its absence from evidence.

The testimony of both appellants amply warranted the trial judge's denial of their motions for direction of verdict and for judgment *n. o. v.* On direct examination Isiah testified that the store was his place of business and that the bottle of whiskey was behind the counter; and on cross examination he admitted that he had put it there that morning. Annie testified on direct examination that she ran the store and that she did not know of any liquor there other than the bottle that Mr. Elliott had found; and, on cross examination, that this bottle had been bought on the previous Staturday and that Isiah had put it in the store on the morning of July 4 "when I went there".

The solicitor, in the course of his argument to the jury, said in substance that the case was a most important one because of the fact that the defendants, in addition to violating the liquor laws, had assaulted an officer in the course of his enforcement of them; whereupon appellants' counsel objected to such argument as prejudicial and not responsive to the allegation of the indictment. The trial judge thereupon ruled that argument relative to interference with the officer was proper, but instructed the jury to disregard the solicitor's statement to the effect that the case was a most important one. Appellants' counsel then moved for a mistrial, which motion the trial judge denied,— properly, we think. Interference with the officer was, as we have said, part of the *res gestae,* and testimony thereabout had been correctly allowed. Consequently, there was no impropriety on the part of the solicitor in referring to it in his argument. In the absence of abuse of discretion, which has not been shown here, the trial judge's refusal to order a mistrial will not be disturbed. *Haselden v. Atlantic Coast Line R. Co.,* 214 S. C. 410, 53 S. E. (2d) 60.

We find no merit in Exception No. 5, which charges that the trial judge erred "in charging the jury the rule of law as to aiders and abettors". Citation of authority is hardly necessary in support of the rule that all persons who are present, aiding and abetting in the commis-

sion of a misdemeanor, are principals. *State v. Gilbert,* 107 S. C. 443, 93 S. E. 125. The rule was applicable under the evidence in this case, and the trial judge properly charged it.

The motion for arrest of judgment appears to have been based upon the ground that the verdict of "guilty" indicated that the defendants had been convicted on all of the several counts in the indictment, and was therefore improper because there was evidence only as to one count, to wit: possession of liquor in a place of business not a licensed liquor store. The record plainly shows that all counts were withdrawn except the one just mentioned; and the trial judge expressly instructed the jury that "you will find in this bill of indictment that there are several counts, but the only count that the State is going to trial on is that charging that the defendants did have in their possession alcoholic liquors in their place of business, where goods, wares and merchandise are sold or offered for sale against the form of the statute in such case made and provided". The other counts were thus properly and sufficiently eliminated. *State v. Whitener,* 228 S. C. 244, 89 S. E. (2d) 701.

Nor is there merit in the exceptions (Nos. 9 and 10) charging that the sentences were excessive. They were within the limits prescribed by the statute, Code 1952, §§ 4-95 and 4-107, and we are therefore without jurisdiction to disturb them, there being no suggestions that the statute itself violates the constitutional injunction against cruel and unusual punishment, or that the sentences were the result of partiality, prejudice, oppression or corrupt motive. *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591.

Exception No. 11 is too general to be considered. Rule 4, § 6.

All exceptions are overruled, and the judgment is affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.