## 17375

The STATE, Respondent, v. Zeb RAYFIELD, Appellant

(101 S. E. (2d) 505)

*Messrs. Eugene Huggins* and *John Mills,* of Bennetts-ville, *for Appellant.*

*Robert L. Kilgo, Esq., Solicitor,* of Darlington, *for Respondent,*

January 7, 1958.

Moss, Justice.

The appellant, Zeb Rayfield, was tried upon two indictments, charging that he had in his possession alcoholic liquor for unlawful use, in violation of Section 4-91, as amended, of the 1952 Code of Laws of South Carolina. The first indictment charged a violation on December 23, 1956, and the second indictment a violation on January 27, 1957. The two cases were, by agreement, consolidated for trial. The appellant was convicted on the indictment charging a violation on December 23, 1956 and acquitted on the other indictment. The appellant made appropriate motions for a directed verdict and for a new trial. The motion for a new trial alleges error in refusing to direct a verdict for the appellant. He also asserts that the Court committed error in not granting a new trial because one juror on the panel was over the age of 65 years, and hence disqualified to serve as a juror.

In considering whether the Court below erred in not directing a verdict in favor of the appellant, we must view the testimony in the light most favorable to the State. We have also held that on a motion for a directed verdict, the trial Judge is concerned with the existence or non-existence of evidence, not with its weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury if there is substantial evidence which reasonably tends to prove the guilt of the appellant, or from which his guilt may be fairly and logically deduced. *State v. Littlejohn,* 228 S. C. 324, 89 S. E. (2d) 924.

This Court has also announced the rule that in a prosecution for violation of the liquor laws each case must be decided on its own peculiar facts and surrounding circumstances. *State v. Williams,* 206 S. C. 70, 32 S. E. (2d) 887; *State v. Atkins,* 192 S. C. 110, 5 S. E. (2d) 576.

The appellant operated a place of business in Chesterfield County, just beyond the corporate limits of the Town of Pageland, from which he sold soft drinks, beer and sandwiches. The evidence shows that on Sunday, December 23, 1956, certain law enforcement officers of Chesterfield County went to the place of business of the appellant, with a search warrant, and found located within four feet of the back door of such establishment, an automobile owned by the appellant. The officers found in the locked trunk sixteen half pints of assorted brands of liquor. The appellant admitted the ownership of the automobile and the liquor. He had in his possession the key to the trunk of the automobile and surrendered it to the officers so that they could search the car. These officers also testified that when they arrived at the place of appellant and attempted to enter the door at the back that some one latched the screen door. They also testified that the automobile of the appellant was "backed up" to the corner of the building within three feet from the wall

thereof and four feet from the door which gave room for the screen door to open on the outside to the car. They also testified that it was muddy and had been raining that afternoon, that there were tracks coming out of the back door and "went to the back of the car, turned and went back into the place." They testified also that the path was well worn and they could tell from the tracks that several trips had been made in and out of the building to the back of the car. They also testified that there were a number of people, both white and colored, in the place of business, some of whom had been drinking and to some extent were under the influence of intoxicants.

The officers also testified that they again went to the place of business of appellant on Sunday, January 27, 1957. The premises were searched and the automobile of appellant was parked in approximately the same location as it was when they went there on December 23, 1956. A search of the automobile revealed that it contained eighteen half pints of various brands of liquor.

There was also the testimony of one of the officers that he saw the appellant on Tuesday following their first visit to his place of business and he told this particular officer "You boys might just as well to go ahead and leave me alone because you are not going to do anything with me." The appellant admitted making this statement or one of similar import.

The appellant was the only witness for the defense. He admitted the ownership of the place of business, that he operated such, that he owned the automobile in which the whiskey was found but that he "bought the whiskey for my own personal use; I drink whiskey every day, have to, and I don't drink the same kind every day. I drink one kind one day and one another. I drink but I don't drink the same kind every day." He also testified that he kept the whiskey in the trunk of his car "to keep my wife and little girl from knowing it."

The appellant contends that he had no control over the premises where his automobile, which contained the whiskey, was parked. He produced a lease showing that his premises extended only twelve inches beyond the wall of the building. He admitted, however, that the premises beyond his lease were used by customers for the purpose of parking and being served sandwiches and soft drinks. He was asked if he made a statement to one of the officers as to the grounds around his place of business being muddy and he admitted that he told one of the officers that "If you boys will leave me alone awhile, I will be able to pave this place." He sought to explain this by saying that his business would be affected by the officers raiding him, and that if he was not interfered with by the officers, he could sell enough soft drinks and sandwiches to get sufficient funds to pave the premises.

The appellant asserts that the trial Judge should have directed a verdict in his favor. Based upon the testimony above recited, we think that the Court was fully warranted in refusing the motion of the appellant for a directed verdict and in submitting the case to the jury.

The other question for determination is whether the trial Judge committed error in failing to grant a new trial because one of the jurors on the panel was disqualified from serving because he was over the age of 65 years. The appellant asserts that on the opening day of court, the trial Judge examined the jury as to their qualifications. Thereafter, an extra venire of jurors was drawn and the trial Judge did not, prior to the trial of this case, examine this extra venire as to their qualifications. The record shows that the appellant did not assert that one of the jurors was disqualified because he was above the age of 65 years until after the jury had rendered its verdict and a motion for a new trial was made.

It is provided in Art. 5, Sec. 22 of the 1895 Constitution of the State of South Carolina, as follows:

"* * * Each juror must be a qualified elector under the provision of this Constitution, between the ages of twenty-one and sixty-five years, and of good moral character."

It is provided in Section 38-203, of the 1952 Code of Laws of South Carolina, as follows:

"All objections to jurors called to try prosecutions, actions, issues or questions arising out of actions or special proceedings in the various courts of this State, if not made before the juror is empaneled for or charged with the trial of such prosecution, action, issue or question arising out of an action or special proceeding, shall be deemed waived and if made thereafter shall be of none effect."

In the case of *State v. Jones*, 90 S. C. 290, 73 S. E. 177, 179, where a motion was made for a new trial because one of the jurors was disqualified by age to serve as a juror, this Court said that:

"It was incumbent on movant to show (1) the fact of disqualification, (2) that it was unknown before verdict, and (3) that he was not negligent in making discovery of the disqualification before verdict."

It is provided in Section 38-214 of the 1952 Code of Laws of South Carolina, as follows:

"No irregularity in any writ of *venire facias* or in the drawing, summoning, returning or empanelling of jurors shall be sufficient to set aside the verdict, unless the party making the objection was injured by the irregularity or unless the objection was made before the returning of the verdict."

The appellant, in making his motion for a new trial on the ground that one of the jurors was over age, made only the following showing:

"And upon the further ground that information has just been received by us that there was one juror on the panel who would be disqualified from serving on the ground that he is over the age of sixty-five."

The trial Judge, in overruling the motion on this ground, said:

"Now, as to the juror being over age, or alleged to be over age, there is no showing that it was not known, or should not have been discovered, prior to trial. And, as I understand the rule, an objection as to the qualifications of a juror must be made before the jury is sworn. So, I overrule the motion."

The word "objections" contained in Section 38-203 of the Code has been construed by this Court to mean such objections of which the party had knowledge, or which, by the exercise of due diligence he could have known. *State v. Gregory,* 171 S. C. 535, 172 S. E. 692. *State v. Amburgey,* 206 S. C. 426, 34 S. E. (2d) 779. It has also been held that objections to jurors should be made before the jury is empaneled and charged with the trial of the case, unless there is some unknown disqualification which due diligence would not disclose. *State v. Parsons,* 171 S. C. 449, 172 S. E. 424.

The appellant has failed to show that the juror in question was disqualified by age, that it was unknown before the verdict and that he was not negligent in making discovery of the disqualification before the verdict. The record does not show that the appellant did anything to determine the qualifications of the jurors. A simple request by him to the Court for interrogation of the jurors would have prevented the alleged error of which he now complains.

In the recent case of *State v. Harreld,* 228 S. C. 311, 89 S. E. (2d) 879, 880, Mr. Justice Taylor, speaking for this Court, said:

"From the Order of the hearing Judge, it is apparent that no objection as to the qualifications of any of the jurors was interposed prior to the jurors being empaneled as required by Section 38-203 of the Code of Laws of South Carolina, 1952; neither was there any objection made before the returning of the verdict nor any showing made that appellant was in anywise injured thereby as required by Section 38-

214 of the Code. Appellant will not be permitted to take his chances upon a favorable verdict, and in case of disappointment, have the verdict set aside upon a technicality. *State v. Johnson,* 66 S. C. 23, 44 S. E. 58."

We conclude that there was no error on the part of the trial Judge in refusing to grant a new trial on the ground that one of the jurors was over age.

The appellant, by two other exceptions, charges the trial Judge with other errors in the conduct of the trial in the Court below. These exceptions have not been argued in the brief filed by the appellant and are considered abandoned by this Court. *Field v. Gregory,* 230 S. C. 39, 49, 94 S. E. (2d) 15.

All of the exceptions of the appellant are overruled and the judgment of the Court below is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.