17891

The STATE, Respondent, v. Maggie PRINCE, Appellant

(124 S. E. (2d) 778)

*Marshall W. Abercrombie, Esq.,* of Laurens, *for Appellant,*

*William T. Jones, Esq., Solicitor,* of Greenwood, *for Respondent,*

March 28, 1962.

Moss, Justice.

Maggie Prince, the appellant herein, and Hugh Dallis were jointly indicted and charged with committing an assault and battery with intent to kill upon one Posey Davis on August 5, 1958. They were tried at the 1959 February term of the Court of General Sessions for Laurens County, and the jury found both guilty of an assault and battery of a high and aggravated nature. The appellant was sentenced to five years imprisonment, suspended upon serving eighteen months, and then placed on probation for a period of five years. She now appeals from the conviction and sentence upon the ground that the evidence was insufficient to sustain a verdict against her. She preserved this exception by making a timely motion for a verdict of acquittal and for a new trial upon the ground heretofore stated.

A refusal to grant a motion for a directed verdict or a new trial will not be disturbed if there is evidence to sustain the verdict. The exception of the appellant necessitates a review of the evidence to determine whether there was error in the refusal of the trial Judge to direct a verdict of acquittal of the appellant.

The evidence in this case discloses that Posey Davis had intimately known the appellant for twelve years. During such period of time, even though she was a married woman, he had given her various sums of money. The testimony shows that Hugh Dallis had been going with the appellant for some period of time prior to the assault committed by him on Posey Davis. Davis testified that he had attempted to stop giving money to the appellant and that, as a result thereof, the appellant and Hugh Dallis became belligerent towards him on several occasions. It appears from the evidence that on August 5, 1958, between the hours of four and five P. M., that Hugh Dallis, accompanied by the appellant, and in an automobile owned by her, drove to the home of Posey Davis on Taylor Street, in the village of Joanna, in Laurens County, South Carolina. The automobile in which Dallis and the appellant were riding was parked with the front end thereof pointing towards the house next door to the home of Posey Davis. Hugh Dallis got out of the automobile and went into the yard of Aaron Howell, who was a next door neighbor of Posey Davis. James Patterson was cutting grass in the Howell yard. Dallis asked to borrow a gun from Howell and Patterson, with the statement concerning Posey Davis, that "I'm going to kill that SOB up there." Upon being told by Howell and Patterson that they did not have a gun, Dallis reached in his pocket and "took something out" and walked up to the porch of Davis's home and knocked on the porch floor. Getting no answer, Dallis went up on the porch of Davis's home and knocked on the door, and upon being advised by Davis not to come in his house, Dallis jerked the door open and went inside. While inside, Dallis grabbed Posey Davis, threw him upon a bed,

cutting him on the lip, mouth and chin, necessitating fifty to sixty stitches to close the wounds. Dallis then dragged Davis out of the house, holding him around the chest, and both fell off the porch into the yard, Dallis landing on top of Davis. Dallis struck Davis twice while in the yard. There was also testimony that while Dallis was committing the assault upon Davis that the appellant "slid over in the driver's seat, backed the car up, straightened it out, and he (Dallis) jumped in the car and she drove off." There was testimony that the appellant had the motor of her automobile running, with the right hand door open towards the Davis home so that Dallis could get in. Dallis ran from where he had assaulted Davis to the waiting automobile, got in, and the appellant hurriedly drove away.

In considering whether the Court below erred in not directing a verdict in favor of the appellant, we must view the testimony in a light most favorable to the State. We have also held that on a motion for a directed verdict, the trial Judge is concerned with the existence or nonexistence of evidence, not with its weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury, if there is substantial evidence which reasonably tends to prove the guilt of the appellant or from which her guilt may be fairly and logically deduced. *State v. Rayfield,* 232 S. C. 230, 101 S. E. (2d) 505.

Based upon the testimony above recited, we think that the trial Judge was fully warranted in refusing the motion of the appellant for a directed verdict and in submitting the case to the jury. There was evidence, circumstantial and direct, tending to prove the guilt of the appellant. The trial Judge fully charged the jury the rule relating to circumstantial evidence as was announced by this Court in *State v. Kimbrell,* 191 S. C. 238, 4 S. E. (2d) 121.

The appellant and Hugh Dallis were charged in the indictment with the commission of the crime of an assault and battery with intent to kill, and convicted of an assault and battery of a high and aggravated nature. The offense of which the appellant and Dallis were charged and the one of which they were convicted and sentenced, was a mere misdemeanor; and, in such case, all who are present, aiding and abetting the actual perpetrator, are principals. *State v. Hunter,* 79 S. C. 73, 60 S. E. 240; *State v. Epps,* 122 S. C. 272, 114 S. E. 631; and *State v. Sessions,* 225 S. C. 177, 81 S. E. (2d) 287.

In the case of *State v. Gilbert et al.,* 107 S. C. 443, 93 S. E. 125, it appears that the appellants were tried and convicted of an assault and battery of a high and aggravated nature. Certain of the appellants made a motion for a verdict of acquittal upon the ground that the evidence was not sufficient upon which to base a conviction as to them. This Court said there was sufficient evidence in the case for the jury to say whether the appellants, and the other defendants, had gathered together for the unlawful common purpose of assaulting and beating a certain school teacher, and whether the assault was done in pursuance of that common design all being present for the purpose of actually participating, if necessary, in carrying out the unlawful design. This Court, in affirming the conviction, said:

"It is the law that in crimes or misdemeanors under the degree of felony all persons concerned therein, if guilty at all, are principals. All persons who are present at the commission of an unlawful act in aiding or abetting in the act or assisting or to afford assistance if necessary in pursuance of a common design to commit an unlawful act are principals.

"If several persons in pursuance of a common design to commit an unlawful act, whether it be felony or misdemeanor, set out together or in small parties, and each takes the part agreed upon or assigned him, some to commit the act, others to watch at proper distances and stations to pre-

vent interference or surprise or to encourage the commission of the unlawful act or to favor, if necessary, the escape of those immediately engaged in the commission of the unlawful act, under these circumstances, if the unlawful act is committed, the act of one is the act of all and all are presumed to be present and guilty; for this would be in pursuance of a common purpose in a common cause with them each operating in his station at one and the same instant to arrive at a common end. The act of each would tend to give countenance, encouragement and protection to the whole gang and to insure the success of the common undertaking in the commission of the unlawful act." To the same effect, see *State v. Williams,* 189 S. C. 19, 199 S. E. 906; *State v. Thompkins et al.,* 220 S. C. 523, 68 S. E. (2d) 465; and *State v. Jiles et al.,* 230 S. C. 148, 94 S. E. (2d) 891. The rule laid down in these cases was applicable under the evidence in this' case, and the trial Judge properly charged it.

The evidence in this case was ample to submit to the jury upon the question of whether Dallis and the appellant went to the home of Davis for the unlawful common purpose of committing an assault upon him and that both were present for the purpose of actually participating, or participating if necessary, in carrying out this unlawful purpose. If they were there to carry out the unlawful purpose in pursuance of a common design, participating actually or potentially if necessary, then both were guilty, the act of one was the act of the other.

The exception of the appellant is overruled and the judgment of conviction is affirmed.

TAYLOR, C. J., LEWIS and BUSSEY, JJ., and LEGGE, Acting Associate Justice, concur.