[Civ. No. 22761.   First Dist., Div. Three.   June 2, 1966.]

BERTHA M. SINGLETARY et al., Plaintiffs and Appellants, v. TOM M. KELLEY, as County Clerk, etc., et al., Defendants and Respondents.

Lucas, Wyckoff, Miller, Stanley & Scott and Ray J. Scott for Plaintiffs and Appellants.

William H. Card, County Counsel, Dennis J. Kehoe and Henry J. Faitz, Assistant County Counsel, for Defendants and Respondents.

Faber L. Johnston and Faber L. Johnston, Jr., as Amici Curiae on behalf of Defendants and Respondents.

DRAPER, P. J.—This is a contest (Elec. Code, §§ 20050, 20089) of an election held upon a proposal for incorporation of the City of Scotts Valley. The official canvas declared 344 votes in favor of incorporation and 323 against. The trial court found that 27 ballots were cast by persons not living within the boundaries of the proposed city. Of these, 13 favored incorporation, and there was no evidence as to how the remaining 14 voted. The trial court deducted the 13 ballots from the total favoring incorporation, and deemed the remaining 14 to have been cast for and against the measure in the same proportion as were the total votes, i.e., 7 for and 7 against. The net result was determined to be 324 for incorporation and 316 against. Judgment was for defendants, confirming adoption of the incorporation proposal. Contestants appeal.

This appeal turns upon disposition of the 14 illegal votes which cannot be identified as either for or against incorporation. Contestants assert that their only burden is to show that "enough illegal votes were cast to affect the result of the election." Obviously, if all 14 unidentified votes opposed incorporation, the net valid vote would be against the measure. Hence, it is argued, contestants have met their burden, and a new election should be ordered.

But our statute bars the presumption that all illegal votes favored the winning side. "An election shall not be set aside on account of illegal votes, unless . . . a number of illegal votes has been given to [the winner] which, if taken from him, would reduce . . . his legal votes below the number of votes given to [another], after deducting therefrom the illegal votes . . . given to that other person" (Elec. Code, § 20024; see also § 20052).

Under a like statute in effect in 1890 (Code Civ. Proc., § 1114), the contention here made by contestants was rejected (*Russell* v. *McDowell*, 83 Cal. 70, 72-74 [23 P. 183]). The court, for the purpose of determining the contest, deemed the illegal votes apportioned among the candidates in the same proportion as the total votes were cast—the procedure adopted by the trial court here.

Contestants place unwarranted emphasis upon a stray judicial sentence in one case. (*People* ex rel. *Russell* v. *Town of Loyalton*, 147 Cal. 774 [82 P. 620].) There, an election had favored incorporation by a vote of 79 to 30. Five votes were shown to have been illegal. The appellate court said (p. 780) "It may be assumed, for the purpose of this decision, that

every illegal vote was cast for incorporation." But this is by no means a holding that this assumption must be made. Rather, its completely hypothetical nature is emphasized by the last sentence of the same paragraph, pointing out that the result would not be affected "even though all such illegal votes be deducted from the total vote cast for incorporation." Neither the language of *Loyalton,* read in context, nor its holding, supports appellants.

Appellants rely strongly upon a South Carolina decision (*Creamer* v. *City of Anderson,* 240 S.C. 96 [124 S.E.2d 788]). Both compulsion and preference lead us to follow the California rule laid down in *Russell.*

■ Contestants argue that section 20024 can apply only to "an election between candidates". But the Legislature has expressed the contrary view. The provisions of the chapter containing section 20024 "shall also apply to the recount of votes cast on a ballot measure, insofar as they can be made applicable" (Elec. Code, § 20089). There is no merit in the suggestion that the contest provisions should not be made applicable to an incorporation election. Contestants were able to resort to contest, rather than the quo warranto procedure used in *People* v. *Town of Loyalton, supra,* only because the contest chapter is, by section 20089, made applicable to such a ballot measure.

■ Appellants suggest that to require proof of how a particular vote was cast is to violate the requirement of secrecy of the ballot (Cal. Const., art II, § 5). But the rule is that one who votes illegally forfeits the privilege of secrecy (*Patterson* v. *Hanley,* 136 Cal. 265, 276 [68 P. 821, 975]; *Robinson* v. *McAbee,* 64 Cal.App. 709, 714-715 [222 P. 871]).

Judgment affirmed.

Salsman, J., and Devine, J., concurred.