18745

The STATE, Respondent, v. William MARSHALL, Appellant

(158 S. E. (2d) 651)

*Rogers W. Kirven, Esq.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Everett N. Brandon, Assistant Attorney General,* of Columbia, and *T. Kenneth Summerford, Solicitor,* of Florence, *for Respondent,*

January 5, 1968.

LITTLEJOHN, Justice.

The appellant was charged with and convicted by a jury of driving a motor vehicle while under the influence of intoxicating alcohol in violation of Section 46-343 of the Code of Laws of South Carolina for 1962.

The sole question before this court is whether the trial judge erred in refusing to direct a verdict of not guilty at the end of the State's case and/or at the conclusion of all the evidence.

The evidence reveals that the appellant was driving his motor vehicle along a highway in Marion County during a rain, when it went off the left side of the highway.

When the highway patrolman arrived the appellant was under the steering wheel in an intoxicated condition. The

driver's companion testified that it was about ten or fifteen minutes between the time the car went off the highway and the time the patrolman arrived. The driver testified it was about forty minutes or longer.

The undisputed facts that: (1) appellant was driving the motor vehicle, and (2) was found soon after the accident in an intoxicated condition under the steering wheel would warrant a conviction if the case ended after this showing was made.

The appellant testified that he had partaken of nothing to drink of an intoxicating nature prior to the time the car went off the highway. It was his testimony that he began drinking bourbon whiskey after the car left the highway and while he was waiting for assistance to arrive. Whether the appellant was entitled to a directed verdict based on his own testimony was a question for the trial judge and is the sole question for determination by this court.

The credibility of the witnesses, including the appellant himself, was for the jury. If the jury had believed his testimony a finding of not guilty would have been warranted.

On a motion for a directed verdict of not guilty, the testimony must be viewed in the light most favorable to the state. *State v. Robinson,* 223 S. C. 314, 75 S. E. (2d) 465. The case must be submitted to the jury if there is substantial evidence reasonably tending to prove the defendant's guilt, or from which his guilt may be fairly and logically deduced. *State v. Rayfield,* 232 S. C. 230, 101 S. E. (2d) 505.

When a trial judge directs a verdict he effectually tells the members of the jury that they must believe the pertinent evidence. A direction of verdict is properly refused where the determination of guilt is dependent on the credibility of the witnesses. See *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825.

It is obvious that the jury did not believe the appellant's testimony and under all the circumstances we cannot say that the trial judge should have instructed them that they had to believe it. There was no error in refusing to direct a verdict.

Accordingly, the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.